CHARLES L. THORNTON, PLAINTIFF-APPELLANT, v. HOW-
ARD YEAGER, WARDEN, NEW JERSEY STATE PRISON,
DEFENDANT-RESPONDENT.

Argued September 13, 1965—Decided October 7, 1965.

*Mr. Matthew P. Boylan* argued the cause for appellant.

*Mr. Philip R. Glucksman,* Assistant Prosecutor of Essex County, argued the cause for respondent (*Mr. Brendan T. Byrne,* Prosecutor of Essex County, attorney).

The opinion of the court was delivered

PER CURIAM. Thornton shot and killed his wife on February 8, 1960. He was indicted for the homicide and upon trial was convicted of murder in the second degree. A sentence of 25 to 30 years in New Jersey State Prison was imposed on November 30, 1960. Subsequently an appeal was taken to this Court where the conviction was affirmed. *State v. Thornton,* 38 *N. J.* 380 (1962), *cert.* denied 374 *U. S.* 816, 83 *S. Ct.* 1710, 10 *L. Ed. 2d* 1039 (1963). Recently Thornton, who is suffering from a grave illness, was paroled through the intercession of the Governor. He is confined now to a hospital undergoing treatment.

On May 6, 1964 Thornton filed the present petition for post-conviction relief under *R. R.* 3:10A–2. The relief sought was invalidation of the conviction on the grounds that allegedly he was denied due process of law because of lack of effective assistance of counsel at his trial, and because allegedly he was denied the aid of counsel before giving and signing a statement about the killing which was introduced in evidence against him at the trial. After hearing the trial court dismissed the petition.

On appeal to this Court the claim of lack of effective counsel at the original trial has been abandoned. The sole substantive issue presented is that Thornton was denied the right to counsel before giving the statement put in evidence against him at the trial, and therefore the judgment should be reversed. In support of the contention reliance is placed

upon *Escobedo v. State of Illinois,* 378 *U. S.* 478, 84 *S. Ct.* 1758, 12 *L. Ed.* 2d 977 (1964), decided about 20 months after affirmance of Thornton's conviction in this Court.

It may be noted at the outset that the statement introduced against Thornton at the trial contained an exculpatory description of the shooting. It was put in evidence as the explanation he gave of the killing shortly after his arrest. Its probative value to the State came from the fact that even though favorable to defendant, it was substantially different from the exculpatory version of the shooting to which he testified at the trial.

After the State offered some preliminary proof as to the voluntariness of the statement (we call it "statement" to distinguish it from "confession"), and offered it in evidence, defense counsel advised the court he had no objection to its being received. On the basis of that advice the State produced no further proof of voluntariness. Defense counsel, an attorney of many years experience in the trial of criminal cases, made no request that Thornton be heard before the court permitted the document to be marked in evidence; nor did he at any time throughout the trial challenge its admissibility. Moreover, when the appeal was taken by new counsel assigned after the conviction, and an elaborate brief was filed and oral argument had thereon, admissibility of the statement was not raised or in any way questioned. Thus it is obvious that the voluntary character of the statement was never made an issue in the case at the trial or on the appeal.

■■ As we said in *State v. Edgar Smith,* 43 *N. J.* 67, 74 (1964), *cert.* denied 379 *U. S.* 1005, 85 *S. Ct.* 731, 13 *L. Ed.* 2d 706 (1965) : "All alleged errors inhering in a trial must be asserted in a direct review from the conviction, the sole exception being an error which denies fundamental fairness in a constitutional sense and hence denies due process of law." Examination of the original trial transcript and the record made in this proceeding does not persuade us that Thornton suffered any fundamental unfairness at his trial in the sense indicated in *Smith* as the result of the receipt in evidence

without objection by his attorney of his statement to the police.

■ But there is an additional reason why the trial court's action here must be affirmed. As noted above, defendant's reliance is upon *Escobedo v. State of Illinois, supra,* decided long after his conviction. Our study of that case has revealed neither express declaration nor indication by the United States Supreme Court that the doctrine announced therein is to be applied retroactively so as to invalidate long-standing convictions. Consequently, in *State v. Johnson,* 43 *N. J.* 572, 579–584 (1965), for reasons expressed at length, we declined to apply it to a conviction and an affirmance thereof in this Court, which antedated *Escobedo.* That view is controlling in the present situation.

Accordingly, the denial of post-conviction relief by the trial court is affirmed.

*For affirmance* — Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN —7.

*For reversal* — None.